**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION**

**CIVIL NO. 2:08CV12-02
(2:06CR31-01)**

| | | |
|---|---|---|
| **BRADLEY WAYCASTER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **O R D E R** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's "Motion to Grant

Counsel Pursuant to the Sixth Amendment of the United States Consti-

tution," which the Court shall construe as a motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255, filed March 3, 2008.[1]   No

response is necessary from the Government.


# I.  STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence

on the ground that it is in violation of the Constitution or United States law,

was imposed without jurisdiction, exceeds the maximum penalty, or is

otherwise subject to collateral attack.  **28 U.S. C. §2255**.  However,

> [i]f it plainly appears from the face of the motion and any
> annexed exhibits and the prior proceedings in the case that the
> movant is not entitled to relief in the district court, the judge
> shall make an order for its summary dismissal and cause the
> movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United**

**States District Courts.**  The Court, having reviewed the record of

---

[1] After conducting an initial review of Petitioner's motion for counsel, the Court determined that his claims sounded in *habeas*.  Accordingly, on April 1, 2008, the Court entered an Order, pursuant to *Castro v. United States*, 540 U.S. 375 (2003), and *United States v. Blackstock*, 513 F.3d 128 (4th Cir. 2008), which advised Petitioner that unless he opposed the decision, the Court would construe his motion for counsel as a motion to vacate under 28 U.S.C. § 2255.  **See Order, filed April 1, 2008.**  In his timely response to that Order, Petitioner advised the Court, *inter alia*, that he "filed the Motion to withdraw counsel in order to file the § 2255 motion . . . ."  Thus, Petitioner's motion for counsel hereafter will be referred to and construed as a motion to vacate.

proceedings below, enters summary dismissal for the reasons stated herein.

## II.  PROCEDURAL HISTORY

On October 3, 2006, Petitioner was charged with possession with intent to distribute less than 500 grams of a mixture containing a detectable amount of cocaine and 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841.  **Bill of Indictment, filed October 3, 2006**.  In addition to the indictment, the Government filed an Information listing the Petitioner's prior convictions for two felony drug offenses.  **Information Pursuant to Title 21, U.S.C. § 851, filed October 30, 2006.**

On December 12, 2006, Petitioner entered into a written plea agreement with the Government wherein he agreed to plead guilty to the single charge set forth in the indictment.  **Plea Agreement , filed December 15, 2006 at 1**.  However, on January 25, 2007, Petitioner executed a second plea agreement, again agreeing to plead guilty to the indictment, and stipulating to the amounts and types of drugs for which he would be held accountable, *i.e.*,13.13 grams of actual methamphetamine; 14.06 grams of cocaine; 35.27 (75 dosage units) of methadone hydrochloride; 369.94

grams of marijuana; 20 dosage units of alprazolam; 23 dosage units of clonazepam; and 3 dosage units of diazepam. **Plea Agreement, filed January 25, 2007, at 2**.

Also, by the terms of that agreement, Petitioner expressly waived his right to contest his conviction and/or sentence on any grounds except ineffective assistance of counsel, prosecutorial misconduct, or on the ground that any upward variances from the applicable guidelines ranges were unreasonable. *Id*. **at 5**. Petitioner further agreed that if asked by the Government to do so, he would provide his full and truthful cooperation, including providing information about the subject charges and about any other criminal activity which was within his knowledge; and he agreed that the Government had sole discretion to evaluate his cooperation and determine whether to seek a downward departure on his behalf. *Id*. **at 6-8**.

Petitioner appeared with counsel before the Magistrate Judge and formally entered his guilty plea. During that proceeding, the Magistrate Judge engaged Petitioner in its standard, lengthy colloquy pursuant to Rule 11 to ensure that his guilty plea was knowingly and voluntarily made and entered. **Rule 11 Inquiry and Order of Acceptance Of Plea, filed January 25, 2007.**

At the outset of the proceeding, the Magistrate Judge asked Petitioner if he was then under the influence of any medicines or drugs of any kind, or if he was under the care of a doctor or had been treated for mental illness or substance abuse. *Id*. **at 2.** Petitioner reported, under oath, that he previously had undergone two courses of drug treatment, but denied that he was then under the influence of any drugs or medicines or that he was under a doctor's care. *Id*. Petitioner also stated that his mind was clear and he understood the proceedings. *Id.* **at 3**.

The Magistrate Judge then asked Petitioner if he had reviewed his indictment and if he understood the charge and its corresponding penalties. *Id*. **at 3-4**. Again, under oath, Petitioner stated that he had reviewed the charge with counsel and understood the charge, the essential elements of the offense, and the maximum penalties he was facing. *Id*. Further, the Magistrate Judge asked Petitioner if he understood his right to a jury trial and to appeal, if he and counsel had discussed any possible defenses he may have had to the charge, and if he understood how the sentencing guidelines may be applied to his case. *Id.* **at 5, 6-8**. In response, Petitioner affirmed that he understood his trial and appellate rights, he understood the relevant guidelines provisions, he had discussed the other

matters with counsel, and that he was pleading guilty because he was, in fact, guilty of the charge alleged in the indictment. *Id.* **at 5-8**.

Finally, the Magistrate Judge asked Petitioner if he understood and accepted the terms of his plea agreement and if he was satisfied with the services of his attorney, and Petitioner answered both questions in the affirmative. *Id.* **at 7-8**. Based upon these and the other answers given by Petitioner, the Magistrate Judge found that his guilty plea was knowingly and voluntarily made and that he understood the charges, penalties and consequences of that plea. *Id*. **at 9**. Accordingly, the Magistrate Judge accepted his guilty plea. *Id*.

On June 7, 2007, the undersigned conducted a factual basis and sentencing hearing. The Court adopted the factual findings and guidelines recommendations made by the Probation Officer, namely that Petitioner was a career offender, his total offense level was 34, his criminal history category was VI, and his resulting sentencing range was 262 to 327 months imprisonment. **Presentence Investigation Report, filed October 16, 2007, at 5, 20; Transcript of Sentencing Hearing, filed August 5, 2007, at 2**. After hearing from the parties, the Court sentenced Petitioner

to 262 months imprisonment.  **Judgment in a Criminal Case, filed June 21, 2007**.

Petitioner timely appealed his case to the Fourth Circuit Court of Appeals.  On appeal, newly appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious issues for appeal, but asking the Court to determine whether Petitioner's constitutional rights were violated when this Court enhanced his sentence pursuant to U.S. Sentencing Guidelines  § 4B1.1 based upon prior convictions that had not been found by a jury or admitted by Petitioner.  ***United States v. Waycaster*, 261 F. App'x 464, 465 (4th Cir. 2008)**.  In addition, Petitioner filed his own supplemental brief arguing that he should have received a downward departure pursuant to U.S. Sentencing Guidelines § 5K1.1.  *Id*.

However, the Fourth Circuit rejected both claims, finding first that this Court did not err in sentencing Petitioner as a career offender because there simply is no requirement that he admit to, or a jury find the existence of, the facts underlying his prior convictions since the nature and occasion of those crimes are inherent in the convictions.  *Id*.  Moreover, the Circuit Court found that Petitioner's claim that he was entitled to a downward

departure was baseless because the matter of a departure was within the sole discretion of the Government and Petitioner had failed to show any unconstitutional motive in its decision not to seek a departure. *Id*. Consequently, Petitioner's conviction and sentence were affirmed. *Id*. Petitioner then timely filed this motion to vacate on March 3, 2008.

## III. DISCUSSION

As best this Court can decipher (Petitioner's pleadings are not the model of clarity), Petitioner appears to argue that his Fourth Amendment rights were violated by the search which led to the discovery of the drugs underlying his conviction; that he was denied his right to potentially exculpatory physical/mental examinations; that his guilty plea was not voluntarily or intelligently made; and that his sentence is unconstitutional. However, Petitioner did <u>not</u> raise these first three claims on appeal. Moreover, to the extent that it can be argued that his final claim was raised on direct appeal, Petitioner has not attempted to explain why he now should be allowed to re-litigate that matter.

"In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the

movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." **United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)); see also Bousley v. United States, 523 U.S. 614, 621 (1998) (failure to challenge a matter on direct appeal, absent certain compelling circumstances, bars collateral review of same); Stone v. Powell, 428 U.S. 465, 477 n.10 (1976).**

In the instant case, Petitioner does not mention, or otherwise attempt to explain, his failure to raise his first three claims in his direct appeal.  Nor does he attempt to establish a basis upon which his procedural default of those claims conceivably could be excused by the Court.  Therefore, the Court finds that Petitioner's first three claims have been procedurally defaulted, and he is not entitled to a review on the merits of those matters.[2]

---

[2] Even if these three claims were not procedurally defaulted, Petitioner still would not be entitled to any review of them.  Rather, by the terms of his plea agreement, Petitioner waived his right to obtain collateral review for claims such as these and, notwithstanding his belated claim of an invalid guilty plea, the record establishes that his waiver is fully enforceable.  **See United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).**

As to his last claim, Petitioner argues his sentence is unconstitution-al, in part, because it was based upon facts which he did not admit and which the jury did not find beyond a reasonable doubt.  However, as this Court already has noted, the Fourth Circuit rejected that argument on direct appeal.  *See **Waycaster**, **supra**, at 465*.

It is well settled that in the absence of a favorable, intervening change in the law which can be applied on collateral review, a petitioner simply is not free to re-litigate claims which already were rejected on direct review.  ***Davis v. United States**, 417 U.S. 333, 342 (1974); **Boecken-haupt v. United States**, 537 F.2d 1182 (4th Cir. 1976)*.  Accordingly, since Petitioner has not directed the Court's attention to any intervening change in the law which would authorize him to reassert this claim, the same is procedurally barred.

Moreover, to the extent that Petitioner is challenging his sentence on the grounds that it constitutes "double jeopardy" or any other basis, such arguments must also be summarily rejected as procedurally defaulted due his failure to have raised these arguments on direct appeal.  ***See Mikalajunas, supra***.

# IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 is hereby **DENIED** and the action is dismissed by way of Judgment filed herewith.

Signed: June 30, 2008

Lacy H. Thornburg
United States District Judge